AO 472 (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
Demondre Martin
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 10-30201

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)
- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)
- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that
SEE ATTACHMENT

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| June 3, 2010 | s/ Mona K. Majzoub |
|---|---|
| Date | *Signature of Judge* |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

The alleged facts are as follows: Anthony Eugene Pope, an alleged drug dealer who sells cocaine, crack cocaine, heroine and "pills" expressed an interest in arranging armed robberies to a CI (known to the ATF to be reliable) by means of home invasions of "drug houses". Pope asked the CI if he knew of any potential drug houses that might be the target of such a robbery. Pope responded that he would have one of "his guys" contact the CI about carrying out such a robbery. On February 19, 2010 the CI was contacted by Defendant Martin, who identified himself as an associate of Pope who requested information about locations from which he and others could rob large quantities of narcotics. Defendant Martin again contacted the CI in March 2010, asking to meet the CI's source of information about which drug houses to rob. Defendant Martin was then introduced to an Undercover ATF agent on March 12, 2010 at a predetermined location in Detroit to discuss armed home invasions for narcotics. Defendant Martin told the Undercover ATF agent that he was employed as a runner for a drug dealer who obtained 15 - 20 bricks of cocaine at a time and that he knew where the cocaine was stored and when it arrived. Martin was unhappy with his employer because he felt that he deserved more compensation than he was being provided, but that he had participated in other robberies and had a robbery crew who would be readily available to assist him. Defendant stated that he needed to know all the details and how many guys would be inside the house so that he could be prepared to go in shooting, if necessary. Defendant Martin said that he would have his guys ready when the load came in and was told by the ATF agent that it would be at the beginning of the month.

On March 23, Pope stated to the CI that he wanted 2 kilograms of cocaine for himself out of the robbery because he was the one who facilitated it, although he would not physically participate in the robbery.

On March 23, 2010 the CI went to a pre-determined meet location in Detroit to meet with Defendant Martin and one of the other recruited participants, Orvis Winans. Martin had explained to Winans how the deal was to go down: there would be 20 kilograms of cocaine, another Martin associate would also be there, that they would make it look like a home invasion. Winans explained that he "does this for a living" and knows what he is doing. Winans directed the CI to make sure the front door was open so they wouldn't have to kick it in and give the guard time to defend. Winans speculated that it could turn into a blood bath if things didn't go smoothly, but that he was prepared to go forward. Winans would focus on the guy guarding the drugs inside the house and shoot him if necessary, and Martin would focus on the "next guy". Martin expected to that each of the participants would get five kilograms of cocaine from the deal, and Pope would get one kilo.

On April 6, 2010 a second ATF Undercover Agent bought 23.76 grams of cocaine from Pope, and on April 15, 2010 Pope, accompanied by the Defendant Martin arrived at a predetermined location where Pope sold the same ATF Undercover Agent 12.9 grams of crack cocaine (both sales tested positive for cocaine).

On May 25, 2010 the CI placed a recorded telephone call to Martin advising that the shipment of cocaine would be delivered in two days. On May 27 the CI received a recorded telephone call from Martin who advised that they were planning on not letting anyone live during the armed home invasion because he (Martin) did not want to go back to prison, and he knew that he was

risking spending the rest of his life in prison by going forward, so he wanted the job to be "air tight".

On May 27, 2010 the CI went to a predetermined location to meet with Defendant Martin and his co-conspirators Welch, Patrick and Davis where they awaited a call to advise of the location of the targeted narcotics residence. While waiting Defendants Patrick and Davis both went into a convenience store and bought a black t-shirt and a pair of gloves. The CI instructed Defendants Martin, Welch, Patrick and Davis to follow him in their car to a secondary meet location, which they started to do, but then suddenly drove away. Defendants Martin, Welch, Patrick and Davis were immediately pulled over for a traffic stop and taken into custody. An inventory of the vehicle produced three black hooded sweatshirts, a stocking hat, a black t-shirt, a pair of gloves, and a Ruger .45 caliber semi-automatic pistol. This is a presumption case as to all three defendants.

## Demondre Levelle Martin

This is a presumption case. Defendant Martin is a 32 year old single male who resides with his mother in the city of Detroit who is charged by complaint with Conspiracy to Possess with Intent to Distribute Five Kilograms or more of Cocaine, and Possession of a Firearm in furtherance of a Drug Trafficking Crime. He currently faces a 25 year mandatory minimum sentence on the instant charges. He is without assets and claims to be self-employed doing odd jobs/home improvement and earns $300/ month. He has one child whom he sees sporadically.

His criminal history includes a conviction for CSC/Felony Sexual Assault on 9/26/96 for which he served 10 years in state prison (discharged 9/21/08). One year after his discharge from prison he was charged with Felony Dangerous Drugs (11/17/09) and on March 3, 2010 he pled guilty to

Controlled Substances-Delivery Manufacture less than 50 grams of Cocaine.
Defendant Martin was sentenced to one year probation and 100 hours of community service. He is currently serving his sentence of probation, and has a pending violation as a result of this case.

In 1996 Defendant Martin was convicted of Felony Sexual Assault, a violent crime, for which he spent 10 years in prison. One year following his discharge from prison he was charged with Felony Dangerous Drugs and subsequently pled guilty and was sentenced to probation. As of February, 2010, and prior to his plea on the pending drug case (March, 2010) he is alleged to have been involved in organizing and participating in the instant conspiracy, again an alleged crime of violence involving what he thought was 20 kilos of cocaine. While on probation he prepared himself and agreed, along with others, to commit a significant crime of violence.

Defendant has not presented facts sufficient to rebut the presumption of Detention. The facts of the case as alleged place him in the center of the conspiracy, his past criminal history is significant, violent, and continuing, he is alleged to have engaged in a criminal conspiracy while

on probation for a drug case, and he is facing a warrant for violation of his conditions of probation. He faces a 25 year mandatory minimum, which could potentially render him a flight risk. Defendant poses a significant danger to the community based upon his past criminal record and the nature of the instant allegations, and there are no conditions of bond that would assure his attendance in court or assure the safety of the community. Detention is Ordered.